# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

CALVIN WALKER,

      Plaintiff

v.

JAMES DZURENDA, et al.,

      Defendants

Case No.: 2:19-cv-01587-JAD-NJK

**Order Denying Motions for Temporary Restraining Orders and Preliminary Injunctions, and Granting Motion to Seal**

[ECF Nos. 3, 4, 5, 6, 24]

      Pro se prisoner-plaintiff Calvin Walker brings this civil-rights action for events he claims occurred at Nevada's High Desert Correctional Center.[1]  Walker moves for preliminary injunctive relief, seeking treatment from an orthopedic specialist, a lower-bunk bed assignment, and flat-yard access.[2]  Defendants argue in response that these requests are mooted by Walker's transfer to Three Lakes Valley Conservation Camp and that such relief is otherwise unwarranted given his current physical condition.[3]  Walker did not file a reply in an effort to rebut either contention, and the deadline to do so has expired.  Because I find that Walker's injunctive-relief requests are mooted by his transfer and he has not shown irreparable harm, I deny his motions.  But I grant the defendants' motion to seal his medical records.

## Discussion

      A prisoner's claims for injunctive relief from prison conditions are generally mooted by his transfer to another facility.[4]  Defendants have shown that Walker's transfer to Three Lakes Valley moots his requests for a lower-bunk assignment and flat-yard access.  The declaration of Associate Warden Monique Hubbard-Pickett establishes that Walker has a lower-bunk

---

[1] *See* ECF 8 (screening order).

[2] ECF Nos. 3–6.

[3] *See* ECF No. 23 at 2; *see also* ECF No. 22 (notice of change of address).

[4] *E.g.*, *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995).

assignment at his new facility.[5]  It also establishes that Walker does not have physical conditions or medical restrictions that necessitate access to a flat yard or furhter medical treatment.[6]  Indeed, he obtained his transfer to Three Lakes Valley only upon a finding that he lacked any significant medical conditions.[7]  Walker has filed no reply in support of his motions to refute the defendants' evidence.  So I find that Walker's requests for injunctive relief related to the High Desert conditions that he was complaining of are now moot.

Even if these requests weren't mooted by the change in conditions due to the transfer, I would deny them because Walker has not established, and cannot establish, that he would suffer irreparable harm in the absence of injunctive relief.  Temporary restraining orders and preliminary injunctions are extraordinary remedies available only upon a showing of a likelihood of irreparable harm.[8]  Although Walker seeks an order that he not be denied medical care and that he receive treatment from an orthopedic specialist, the defendants have presented unrebutted evidence (detailed above) that there is no immediate need for such relief.  Plus, Walker's work as a bathroom porter at Three Lakes Valley evidences a physical ability that further undermines his asserted need for judicial relief for medical treatment.[9]  I thus find that Walker has not established a likelihood of irreparable injury if he is not afforded injunctive relief.[10]

Defendants also move to seal Walker's medical records and other material regarding his medical conditions.[11]  Materials filed with requests for preliminary injunctive relief may be

---

[5] ECF 23-1 at ¶ 8.

[6] *Id.* at ¶¶ 7–10.

[7] *See* ECF No. 27-1 at ¶¶ 35–36.

[8] *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also V'Guara Inc. v. Dec*, 925 F. Supp 2d 1120, 1123 (D. Nev. 2013) ("Temporary restraining orders are governed by the same standard applicable to preliminary injunctions").

[9] ECF No. 23-1 at ¶¶ 9–10.

[10] Because the failure to show a likelihood of irreparable harm is dispositive of Walker's request, I need not and do not address the other elements for preliminary injunctive relief.  *See Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1174 (9th Cir. 2011).

[11] ECF No. 24; *see also* ECF No. 27 (sealed exhibits).

sealed upon a showing of compelling reasons.[12]  Because plaintiff's medical records contain private, protected information, I find compelling reasons to seal them and grant the motion to seal.

## Conclusion

IT IS THEREFORE ORDERED that Walker's Motions for Temporary Restraining Orders and Preliminary Injunctions **[ECF Nos. 3, 4, 5, 6] are DENIED.**

IT IS FURTHER ORDERED that the Motion to Seal **[ECF No. 24] is GRANTED.**  The Clerk of Court is directed to **MAINTAIN THE SEAL on ECF No. 25**.

IT IS SO ORDERED.

Dated: November 23, 2020

_____
Jennifer A. Dorsey
United States District Judge

---

[12] *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016).